5-18-0350. Let me start by saying I know y'all were in here in the courtroom, but I'm going to say it again. Justice Gates is on the panel today. However, she's not available for oral argument and will be participating in the decision and listening to the arguments via the recording. So for that matter, please speak up so that the recording is clear. And whenever you're ready, Counselor. Because the trial court lacked personal subject matter jurisdiction, we're going to ask you today to vacate the March 21st orders and the June 28th orders of the trial court. Now first, I'd like to get to... I have a question, though, that was posed for us by Justice Gates, and that relates to an application by Midwest Neurosurgeons to file a late notice of appeal. That's correct, Your Honor. And was that allowed? That was denied on June 28th, I believe, and this Court stated in that order that any jurisdictional arguments could be presented in this case. So first, personal jurisdiction question here. As this Court knows to be a proper party before a court for personal jurisdictional purposes, a party must either be served in the process or in a general appearance. Now, a court serves on a corporation like the nine parties. It's usually done by leaving a copy of the process with the corporation's registered agent. Here, there's no dispute that the non-party appellants were not served through a registered agent. Even if you look at the record in this case, it does not reflect that summonses were ever issued, and the plaintiffs concede in their briefing that the only service that the non-party appellants received was through certified mail. Now, general appearance waives the service of process requirement, of course, and it occurs that the party takes any action that recognizes the case being in court unless that action is solely to contest the jurisdiction over the person. However, Illinois law is clear that a corporation such as a non-party may not appear except through a licensed attorney. This is a long line of cases we've cited in our briefing, like Burr v. MidAmerican Industries and like Weed Trust v. Estrada. Here, the plaintiff argues in her briefing that the appearance of Ms. Jessica James, an employee of the non-parties, at the December 20, 2017 hearing to adjudicate the liens in this matter, constituted a general appearance of the non-parties. Ms. James is not, however, an attorney, and this is very clearly reflected in the legal file that we submitted, or that's submitted to the court, and in the trial transcripts or the hearing transcripts on page 5 from the December 20 hearing. And even in support of their position, the plaintiffs rely on a case of remote soil service v. Benson. In that case states, we find nothing in the statute's case law, Supreme Court rules, which directly or by reasonable implication permits a business corporation to prosecute or defend its own suit in our courts on any level except through a licensed attorney. So for that reason, this court should find that a general appearance was never entered on behalf of the non-party appellants in the underlying case. The plaintiff also alleges on page 11 of the brief that the trial court had personal jurisdiction because the plaintiff specifically placed the medical relationship of the reference charges and liens before the courts, and the non-parties appeared on all of those liens, not only under the Health Care Lien Act. Now this is simply not true. On December 20, 2017, the plaintiffs appeared before the court on the plaintiff's petition to adjudicate the liens. Even at that hearing, plaintiffs counsel took the position that, and stated, judging this particular case, I think once the case is called and we're at issue, the only issue for determination is whether or not the liens are enforceable, I don't think that the court can rule on the underlying bill in a petition to determine liens. That's in the trial transcript on page 8. Next, there's also this argument as to whether or not the end-to-end proceeding to adjudicate the health care liens from December 20 could be converted into or conferred personal jurisdiction over the non-party appellant here. Now Illinois law allows a health care provider the statutory right to place a lien on any settlement proceeds to cover the cost of the health care services, and of course the act grants the circuit court the authority to adjudicate those rights. Now non-parties can see that in the Illinois circuit court, that Illinois circuit court does not need personal jurisdiction to adjudicate a health care provider's medical liens because it is an interim proceeding. But an interim proceeding, however, only affects the property located within the state, and it does not adjudicate any personal claims or personal liability, here the plaintiff's financial obligations to the non-party appellants for the medical services and treatment. So your honor, the full extent of the trial court's jurisdiction created by service to the petition to adjudicate the liens was simply that. It was to adjudicate the health care liens. And without a general appearance by an attorney, the interim proceeding to adjudicate those liens cannot be converted into an impersonal hearing to adjudicate the financial liability of the plant to the non-parties. So for that reason, the trial court exceeded its authority when it entered the March 21, 2018, orders in this matter. Now this court also, excuse me, the trial court also lacked subject matter jurisdiction because the motion for declaratory judgment filed by the plaintiffs on February 28, 2018 violated Illinois law. And again, I'd like to remind you, at this point, the non-parties were still not parties to the case. They were never perceived process in this case. Yet the plaintiffs filed a motion for declaratory judgment against the non-parties. Illinois law requires a pleading for declaratory judgment be presented to the court before the court may decide an alleged controversy. Illinois declaratory judgment act states that relief for declaratory judgment may be sought through a means of a pleading only. In fact, several cases that we've cited, including Preferred Risk Mutual v. Heights, provides that while courts of the state have emphasized that declaratory judgment statute should be construed broadly, the courts have emphasized that a complaint is still required at the state of cause of action. Here, no complaint was ever filed by the plaintiffs against the non-parties. Again, the February 16, 2018 document filed was the motion for declaratory judgment seeking to declare the financial obligations of the plaintiff to be zero. So for that reason as well, we would ask this court to vacate the lower court's rulings. I have a question. Going back to one of your original arguments, the lack of personal jurisdiction, wasn't there an attorney present initially, this Kenton, Nick Meyers, something like that, for the non-parties? Yeah, he was not present. So on that day, and I don't think this is part of the record, Kenton, Nick Meyers, a partner in my office, he's sitting in his office and he receives a cell phone call from Miss Jessica James, who was up at the courthouse on their petition to adjudicate liens. And this is the first notice we ever have heard of his petition. He wasn't there. Miss Jessica James was the only person in court. And because an attorney wasn't present in court, that's one of the reasons why the court declared the liens null and void, because the non-parties couldn't present evidence on those issues. So Miss Jessica James was employed by whom then? She's an employee of the non-parties. She's an employee of the non-parties. Yes, Midwest Neurosurgeons. But Kenton, Nick Meyers received a call from her? Yes, because we are the counsel generally for non-parties in this case. For non-parties. Correct. So Mr. Nick Meyers did not appear, but was aware of it, correct? After the fact, yes. Not before the fact. No, not before the fact. So how is it that Miss James was aware of it and the attorney was not aware of it? Because the petition to adjudicate liens was served on the non-parties in this case. It was never served on counsel for the parties. It was served on the non-parties. But the non-parties had your firm as their counsel, correct? Yes, they did. So are you saying then that none of them notified their attorney that there was this service? I am saying that, yes. Okay. And then there was a motion for Lee to file an amicus brief? That is right, yes. And when did that occur? That occurred on March 21, 2018, after the court had already entered the motion or the order on a motion for declaratory judgment. And Mr. Nick Meyer filed his limited entry of appearance on that date as well. Now, how did he designate it as a limited appearance? It is in the record, Your Honor. I would have to go back and look at it. He said, you know, Nick Meyer appeared on behalf of non-parties for the limited purpose of contesting jurisdiction in this case. Okay. So it was actually identified as a special and limited appearance. It was. It was. Okay. But then again, going back to the late notice of appeal, what jurisdiction do we have to, I mean, what is our jurisdictional basis if we have denied the late notice? Well, I was going to get to the jurisdiction of timing this issue next, Your Honor. Okay. So that is a perfect question now. Maybe you should have gotten there first, but go ahead. But I will say just from the outset, if the court did deny that, I will just get to it. So first, we do have a timely appeal here because on April 5th, the non-parties filed a proper Section 1301 post-trial motion challenging the jurisdiction of the trial court, requesting the court to set aside its order granting the motion for declaratory judgment. The trial court denied that motion on June 28th, which we then filed an appeal on July 3rd within 30 days of the deadline as required by Rule 303A. And that's the one we're here on today. And in that, of course, we challenged both the March 21st orders and the June 28th orders. And if you look at the June 28th orders, the trial court even expresses in that that even the June 20th order, the non-parties should have recourse in the 5th district. And that's why we're here. In fact, even if the court did not find that this was a proper post-trial motion, this gets to your question, Your Honor, a proper post-trial motion that would have told the appellate filing deadline, on May 7th, we filed a motion for extension of time to appeal pursuant to Rule 303B, which allows this court to extend the appellate deadline by 30 days upon reasonable excuse. Now, of course, this court denied that request on July 16th after we filed this instant appeal, and stated that any jurisdictional arguments concerning the March 21st orders could be addressed in this appeal here today. So in our view, essentially, the appeal became moot at that point, and those arguments were to be addressed with you this morning. Okay. Thank you for that procedural recommendation. Thanks. Now, the plaintiff will suggest this appeal is untimely because in the motion set aside, we only challenged a March 21 order of dismissal or order granting the motion for declaratory judgment. But later that day, there was an order of dismissal also entered that we didn't challenge in our original motion to set aside. Now, the underlying facts revolving around the plaintiff's argument are a bit interesting, and so I'll address them briefly here. On March 21, the trial court enters two orders, the order granting the motion for declaratory judgment and the order of dismissal. Now, what's important here for the plaintiff's argument is this order of dismissal, which I'll come back to in a minute. All I'll say at this point is that we never received notice of this order of dismissal until April 25th, over 30 days after it had been entered. I'm sorry. I have another kind of factual history, but how many non-pardons are there? Three. Three. Okay. So once the trial court entered the first order granting the motion for declaratory judgment, the non-pardons filed on April 5th their motion to set aside that order. On April 24th, plaintiff responded to the non-pardons motion and stated in their response that on March 21, 2018, the trial court entered an order of dismissal. And this caught our attention. What is this order of dismissal? And this is the first time that we were put on notice of that order. And again, that's over 30 days after it had been entered. So the next day, on April 25th, counsel for the non-pardons sent a letter to the clerk requesting the March 21st orders. And the clerk responded, attaching both the order of dismissal and the motion for declaratory judgment order. And here's where it gets really interesting. On April 24th, a legal assistant at my firm takes a screenshot of the dockets and e-mails it to Mr. and Mrs. Meier, a partner at my firm. And the March 21st docket entry states, order filed, copy, mail to attorneys. Then at some point between April 25th, the date we sent the letter to the clerk, and May 2nd, the docket entry for the March 21st entry is changed and states, order filed, copy, mail to attorneys. So now we have two orders on March 21st that wasn't in there previously. And this is in the record. We attached it to, I believe it was our reply to the motion to set aside on pages 542 and 471 of the legal record. So now we have these two orders. The second one we didn't receive notice until after 30 days after it had been entered. So obviously on March 21st, we believe the judge signed two orders, but the docket sheet only reflected one was entered. Now I'm not sure exactly what happened, but I'm guessing that when we sent the request to the clerk on April 24th, the clerk realized that the docket didn't correctly reflect what happened that day and changed it to show order filed, order filed. And it's also interesting when you look at the order of dismissal. If you look at the bottom, it states page 2 of 2. And there's no page 1, however, in the legal record that was sent over by the clerk. So what's this page 1? Where is it at? I don't know. Something happened. We believe in the clerk's office. And unfortunately, the nonpartisans were at the receiving end of this punishment. And that's typically has never been an issue. We would have never caught this. We would have the docket snapshots from those days. So we wouldn't have much leg to grab on. I was wondering how frequently that occurs or how or why it occurs. You know, there are some things, Your Honor, that I don't pretend to fully understand that were going on in this case with the clerk's office. I'm talking about the screenshots. Oh, the screenshots. Well, there were some things that put us on notice, like something was going on. So luckily, we have really good legal assistance, so we're taking snapshots of the docket. Obviously, had we known this order would have existed, we had a mood to set aside that order, and a motion to set aside that we file on April 5th. And, of course, that would have told our time to file an appeal, a notice of an appeal. The plaintiff argues that even if the court didn't properly docket the entries, the nonpartisans still had an obligation to monitor the docket. And if the nonpartisans would have done so, they would have known that this second order existed. Now, whatever wisdom there may be of requiring parties to a legal proceeding to monitor a docket, no Illinois statute that would define or rule or case law suggests that nonparties also have an obligation to monitor a court's docket. Now, I'm honestly not sure what we could have done here. I mean, if we didn't get formal notice of it, the docket didn't reflect the second order, I don't think it would quite be fair to require nonparties to drive to a courthouse day to examine a legal file on the off chance that an order had been entered against it. So I think basic due process concerns should weigh heavily in the favor of the nonparties here. And it all gets back to the simple fact that we were never properly before the court. And that really comes, in our opinion, to the foundation of this case, is that we weren't parties to the court because we didn't enter a general appearance and we weren't served in accordance with Illinois law. And for those reasons, we think this appeal is not only timely, but we would request that you vacate the March 21, 2018 order and the June 28, 2018 orders for lack of personal jurisdiction and subject matter jurisdiction. Thank you. I think we have time for a rebuttal, if you need it. Yes, please, I'd like to present the appeal. Mr. Denny, whenever you're ready. Good morning, justices, counsel. May it please the court. A few things I want to talk to you about. Obviously, when we get into these issues of subject matter versus personal jurisdiction, we start becoming cyclical because which one comes first. My contention is that for reasons I'll lay forward, and as noted in my brief, there is no jurisdiction of this court because the order dismissing the case with prejudice on March 21, 2018 was entered and no appropriate post-judgment relief thereafter was ever sought. As counsel indicated, and they've been candid in their brief about that, they did not know that that order of dismissal was entered until more than 30 days later. The timing of that is somewhat important, in my opinion, because the order of dismissal was signed on March 21 by Judge Bowie in Union County, but presumably before 4 o'clock because the courthouse closes at 4 o'clock. Counsel for what are called the non-parties entered their appearance at 4.14 the same day the electronic filing. That day they enter their appearance, and they admittedly go more than 30 days without checking the court file. What counsel is referring to as them checking the court file is checking the judiciary website, which is a privately maintained website that is not the court file in the state of Illinois. It's not Missouri case net, and it is not the ECF electronic filing system of the federal court. It is, if you look, it is judiciary, and if you go to the cover page on judiciary, it says, this is maintained by judiciary.com. This is not a court. You're saying you do it at your own peril, basically. That's right, and I'm not going to throw anyone under the bus here today, but certain, especially rural counties with limited resources in the state of Illinois, you go check those judiciary sites today, and I guarantee you that 8 out of 10 of those cases are going to be wrong. Frankly, the site and the caption in there show this case to be unassigned. Obviously, it was always assigned to J. Bowie. That information is of no legal merit because it is not the court file, and that brings us back to. . . He says, though, that non-parties don't have that same duty. Yes, and that's what we get into our cyclical arguments a little bit, and it becomes a little bit of an Abbott and Costello routine, and I'll get to that if you'll bear with me for a moment. What Justice Cartermeier said in Keener v. City of Heron, which is somewhat folklore in southern Illinois growing up down here because we know all of these people, it's the attorney's duty to check the court file, and an attorney that doesn't check the court file does so at their own peril. Now, whatever happened before March 21st, we know at that point, a seeking to vacate or a motion to set aside the order of dismissal with prejudice could have been timely sought. We know on that date that the attorney was in the file. So we have an attorney in the file and for 30 days does nothing. Now, you asked a question about the amicus, particularly the injury of parents, and I wanted to touch on that because the injury of parents does not say this is C-303 for the record. The injury of parents says for the limited purpose of filing this motion for leave to file amicus curiae does not say for the limited purpose of challenging jurisdiction. I don't believe that complies with the statutes or any of the current Supreme Court rules on that matter. Now, I do believe that someone can challenge jurisdiction and maybe a little bit different than what I assert in my brief. Some subsequent research on another case, in my belief, indicates that an attorney or a party's action, once they file an injury of appearance, it doesn't nullify the action. I think the courts in Illinois tend to infer that as a general injury of appearance. Now, to get to your question about this, I think the law is clear and I think Justice Carmire in the Supreme Court threw a shot across the bow in Keener saying, look, no matter how creative we try to get to help someone out who may be to no fault of their own miss the date, Mitchell says we can't do this. And it's strictly prohibited. And the Supreme Court says it's your fault. Deal with it. The attorneys in the file doesn't check the court file. Now, and the background of those orders are when we're there for the petition to adjudicate liens, Dan Bradley, who's defending on behalf of Walmart in the underlying personal injury case, hands the order of dismissal with prejudice to Judge Bowie, who holds it in the file until all other matters have been disposed of. Once Judge Bowie grants the motion for declaratory judgment, having no other pending matters before the court, then signs the dismissal of prejudice that had been previously filed by counsel for Walmart. And this is exactly, you know, Mitchell and Keener are on point. But then getting to whether or not the quote non-parties had to respond. We're dealing with parties who came into Union County Circuit Court on a petition to adjudicate liens and other inchoate claims and said we're here appearing on behalf of these parties. We're here to get money. Now, counsel and the appellants want to limit that to say, nope, that's just an interim proceeding for the limited purpose of the petition to adjudicate liens. But that's not why they were there. They weren't there to get their pro rata share under the petition to adjudicate liens. They were there because they wanted more than the Provider Lien Act wanted to give them. They were there to protect these entities' interest above and beyond their pro rata share for the Provider Lien Act. That's the only reason the hearing was had, was because these entities didn't take their pro rata share that everybody else took and walk away. And so the inference that we were just there for this one little thing disputes the whole reason we were there. It also begs the question, when we get into whether a corporation can appear at a non-party, if a corporation can't appear at a non-party, why did the corporation send them? And now you're putting a burden on a circuit court judge who deals with criminal law, family law, civil litigation, mental health issues, to sua sponte, inquire upon the person standing before him, now are these clients, are they LLCs, are they partnerships, are they corporations? Especially when, I think it's safe to say, when you say, Judge, I'm here on behalf of these parties, and they're with the authority and we know that because even after this, they file affidavits signed by Ms. James that are in the record before you. She was acting with authority of these entities. And we didn't object. We've been talking to Ms. James about these issues for some time. We don't raise the objection. So now they're saying the court had a duty sua sponte to inquire as to the legal status of these entities to ensure these people have the right to appear. I think that's going a little bit far. And while that's not clear in the case law or the intent of the Provider Lien Act, now you're going to start to practically disrupt how a lot of cases are resolved. I believe that once they stepped in there and they appeared, then they became a party to the case. They said, Judge, we're here appearing on behalf of these entities, and here's why. You can tell from the record, we took a break as it reflects. During that break is when the conversation went on with Mr. Nick Meyer and myself in the parking lot. And they didn't get what they want. Then the question then becomes, we didn't ask the judge to handle that at that point, handle the total bills at that point. We filed a separate declaratory judgment. Now, the question was, well, what should they have done? Well, you were in court on these bills. And then you get another legal document sent to you via certified mail and do nothing. And if you look at the petition, the purpose of that petition is, hey, Judge, we don't think we owe anything, but you tell us what we owe. And they didn't appear. And I don't know why they didn't appear, but they didn't appear. So now what does the judge, after seeing First Circuit has a 10-day rule, after 10 days after certified notice given, no response provided, he enters the motion, he enters the order. With regards to how those things transpired with what's in the record, I can't verify what's on judiciary or not because it's informational only. What I know is the rare reflex, the orders were in the file. There was an order, and the post-judgment relief from the order of dismissal with prejudice was not sought. I think the prayer for relief by the appellants in this case is going to somewhat guide you because they want you to strike Judge Bowie's motion for declaratory judgment, which means you have to somehow bunnyhop the dismissal with prejudice. The dismissal with prejudice ends the case. There's a barrier there to undo any prior orders. So how do we do that without undoing the dismissal with prejudice? I have never seen someone come in and file motions for the purpose of filing an amicus curiae, but their argument in their briefs and in their oral argument is that is an appropriate post-judgment relief for the purpose of staying the time to appeal. That might be an argument, but for the entry of appearance tells us this is just a filing amicus curiae, not to seek to set aside an order of dismissal, not to total the time, not to seek any type of post-judgment relief. It's very specific in that document what their purpose is. It's a rather unorthodox matter. In this case, what Ms. Cross would pray is there's a dismissal with prejudice that's never been set aside, follow the Supreme Court and say whatever transpired, the attorneys had ample time to respond, follow the law, and the case is over. If that is not the case, I still think this court is going to have to grapple with the procedural aspects of how do we get back to that dismissal with prejudice and go through that. And having now entered their appearance of what they've represented as an interim appearance beyond filing an amicus curiae, at the very least, send it back to circuit court for hearing on the motion for declaratory judgment. I find no law that says, and they didn't cite it in their brief, that says declaratory judgment must be filed as a separate action. I think if you read subsection A of the statute on declaratory judgment, it specifically references that no action is subject to objection on the grounds that it is solely one for declaratory judgment, meaning the inference is, hey, if we do file it separately, you can't object that this is just action. But in many cases it is within another case. And if you read the last phrase of subsection B of the most declaratory judgment statute, it infers that this can be filed via motion in another action. Even if Judge Booey's granting of those orders was inappropriate or there was a technical deficiency in how it had been handled, the parties had them in their hands. They didn't respond. And then the attorneys got involved and didn't respond for more than 30 days. And everything else after that becomes some type of cyclical argument to avoid the fact that they just didn't act. In Ms. Croft's case, Ms. Croft should not have this very now long personal injury action held up perpetually because they, for whatever reason, decided not to respond to the pleadings on file and are documented in the court file in their hands. Thank you for your consideration. Thank you very much. Thank you, Your Honor. I think a few issues just to clear up really quickly. The Declaratory Judgment Act in Section 8 specifically states that a declaratory judgment must be made by a pleading. It cannot be made by a motion. And a motion in Illinois law, under Illinois law, is not a pleading in and of itself. And for that reason alone, the court lacked subject matter jurisdiction. And to the extent that you can sort of think that the motion can be converted to a pleading or to a petition somehow, it will still never serve in accordance with Illinois service rules. Counsel, as it stated this morning, they serve the nine parties through certified mail. And that's not enough to get personal service. Even if the nine parties had actual knowledge of the proceedings but still did not or were not served properly, the court would lack personal jurisdiction. And it's not that we argue that the amicus curiae brief, although somewhat clear probably in Illinois trial courts, we do not argue that that is what told the 30-day or, excuse me, told the appellate deadline. On April 5th, we filed our motion to set aside the motion for declaratory judgment. And that was not denied until June 28th. Then we filed our motion or, excuse me, our notice of appeal in this court on July 3rd, which is certainly within 30 days. But getting back to when your appellant there read the language that was part of the appearance for the curiae, I didn't hear the same language that you interjected. So I'm wondering if you have any case law that would support that filing an amicus is a limiting appearance. Well, what I would say is that even if that language, and I was trying to go off memory so I apologize if I didn't cite it correctly, but if you look at the amicus brief that's in the record, it was certainly only to challenge the trial court's jurisdiction in that matter. And that's it. We filed it. And, of course, that was ended up being denied later. So I think that would still satisfy any sort of issues you have with the appearance itself. And real quickly, Plaintiff's counsel relies on these cases, Mitchell and Keener, and neither of those cases we don't believe are relevant in this lawsuit because the underlying facts are just not the same. Yes, the Keener court and the Mitchell courts both held that the time period for filing a notice of appeal is not told because the parties failed to receive actual notice of an order. But the rule also clarified that it only applies to parties and final orders expressed publicly in a record. Here again, we just want parties. And that's a simple fact. And even if you look at those cases, those were both ruled on as Section 1401 motion to reconsider secretly from a judgment. And an important distinction with that is that the court held that the 1401 motion should not be used to total time to file an appeal where the parties seeking relief is simply asking the court to enter a same order just to restart the time of appeal clock. We filed the Section 1301 motion, which is a proper post-trial motion, seeking to set aside the orders of the court. And so I think those are really big key differences that you should keep in mind when you're ruling on this. And I believe that is all I have. Thank you for your time. Thank you very much. The court will take this matter under intensive consideration and issue its ruling in due course.